UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SPEEDWELL, LLC, SPEEDWELL ASSOCIATES NO. 1, LP, AND SPEEDWELL ASSOCIATES NO. 4, LP,

Plaintiffs,

v.

TOWN OF MORRISTOWN, et al.,

Defendants.

Civil Action No.

21-18796 (JXN) (JRA)

**OPINION**

## I.   INTRODUCTION

After litigating in this Court for approximately two years, Plaintiffs Speedwell, LLC, Speedwell Associates No. 1, LP, and Speedwell Associates No. 4, LP (collectively, "Plaintiffs") voluntarily dismissed an action and refiled substantially the same action in the Superior Court of New Jersey, Law Division, Morris County.  Some Defendants—Phil Abramson, Timothy P. Dougherty, Topology NJ, LLC, and the Town of Morristown (collectively, the "Morristown Defendants")—filed a notice of removal on behalf of all defendants to return the Superior Court action to this Court. Plaintiffs now challenge the removal and ask the Court to remand the matter to the Superior Court, arguing that not all Defendants voiced their individual consent directly to the court, contrary to the "rule of unanimity."  All Defendants oppose the Motion to Remand and filed or joined a Cross-Motion to Amend the Notice of

Removal.[1]  This Court has considered these motions on the papers and without oral argument, pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Civil Rule 78.1.  For the reasons explained below, the Court grants the Defendants' Cross-Motion to Amend the Notice of Removal and denies the Motion to Remand as moot.

## II.  BACKGROUND[2]

This action arises out of a dispute related to a redevelopment project in the Town of Morristown, New Jersey ("Morristown").  *See* Complaint ("Compl.") ¶¶ 1-4, *Speedwell, LLC, et al. v. Town of Morristown et al.*, No. 21-cv-18796 (D.N.J. Oct. 15, 2021), ECF No. 1.  In 2013, Morristown disputed whether Plaintiffs, a collection of corporate entities, held a leasehold over different lots on Clinton Place and Speedwell Avenue in the town.  *Id.* at ¶¶ 10, 24-26, 89.  To resolve that dispute, on January 15, 2015, the parties entered into a settlement agreement, which required Plaintiffs to sell their interest in certain properties to the Morristown Parking Authority and, in exchange, Morristown agreed to work with Plaintiffs on a different redevelopment plan for which Plaintiffs would be the redeveloper.  *Id.* at ¶¶ 11, 90-92.

On November 4, 2019, Plaintiffs initiated an action in this Court captioned *Speedwell, LLC, et al. v. Town of Morristown et al.*, No. 19-cv-19820.  Plaintiffs alleged

---

[1] The Morristown Defendants filed the Cross-Motion to Amend the Notice of Removal.  Defendants John Inglesino, Morristown Development LLC, and Morristown Urban Renewal Phase II, LLC, appear to join in the motion, arguing in their oppositions that any defect in the notice of removal was already cured or can be cured by amendment.  Accordingly, the Court treats these Defendants as joining in the Cross-Motion to Amend the Notice of Removal.

[2] As explained in greater detail below, Plaintiffs' initial lawsuit, filed on November 4, 2019, and captioned *Speedwell, LLC, et al. v. Town of Morristown et al.*, No. 19-cv-19820, will be referred to as "*Speedwell I.*"  Similarly, the instant action, which has been removed from the Superior Court of New Jersey, Law Division, Morris County, captioned *Speedwell, LLC, et al. v. Town of Morristown et al.*, No. 21-cv-18796, will be referred to as "*Speedwell II.*"

2

that Morristown breached the 2015 settlement agreement by, among other things, adopting a new redevelopment plan—without notifying Plaintiffs—that negatively impacted Plaintiffs financially.[3] *Speedwell I*, Compl. ¶¶ 79-85, ECF No. 1. Plaintiffs' causes of action were based on violations of federal law, including 42 U.S.C. § 1983. *Id.* at ¶¶ 240-271. Defendants filed motions to dismiss the *Speedwell I* complaint on February 3, 2020. *Speedwell I*, ECF Nos. 15, 17. Thereafter, on February 24, 2020, Plaintiffs filed an Amended Complaint, and Defendants again moved to dismiss the Amended Complaint on May 21, 2020, and June 12, 2020. *Speedwell I*, ECF Nos. 19, 32-33, 36. While the motions to dismiss were pending, the Court held an initial pretrial conference on June 18, 2020, pursuant to Rule 16 of the Federal Rules of Civil Procedure. *See Speedwell I*, ECF No. 39. The parties subsequently exchanged written discovery and appeared for five additional status conferences with the Court. *See Speedwell I*, ECF Nos. 54-55, 59, 62, 65.

On September 8, 2021—while the motion to dismiss was still pending in this Court—Plaintiffs filed a notice of voluntary dismissal without prejudice in *Speedwell I*, effectively terminating the action in this Court. *Speedwell I*, ECF No. 66. That same day, they filed a new, but substantially identical, complaint in the Superior

---

[3] The Complaint in *Speedwell I* named several defendants represented by separate counsel. For the sake of clarity, the Court divides the defendants based on their representation. The first group of defendants consisted of the Morristown Defendants: the Town of Morristown; Timothy Dougherty, the Mayor of Morristown; Topology NJ, LLC, a municipal planning and development firm allegedly hired by Morristown to assist with redevelopment matters; and Phil Abramson, an employee of Topology NJ, LLC, who also served as the Morristown Town Planner for purposes of the redevelopment at issue here. *Speedwell I*, Compl. ¶¶ 28-30. The second group of defendants consisted of private development firms that were allegedly parties to the 2015 settlement agreement: Morristown Development LLC and Morristown Urban Renewal Phase II, LLC (collectively, the "Developer Defendants"). *Speedwell I*, Compl. ¶ 32. The final Defendant, John Inglesino ("Defendant Inglesino"), was special counsel to Morristown. *Speedwell I*, Compl. ¶ 31.

Court of New Jersey, Law Division, Morris County. *See* Complaint, *Speedwell, LLC, et al. v. Town of Morristown, et al.*, Docket No. MRS-L-1900-21 (N.J. Sup. Ct. Sept. 8, 2021).

On October 15, 2021, the Morristown Defendants—all of whom were represented by one law firm—filed a notice of removal to return the action to this Court based on federal question jurisdiction. *Speedwell II*, ECF No. 1. The remaining defendants—the Developer Defendants and Defendant Inglesino—did not file a separate notice. But the notice of removal states unequivocally: "All defendants consent to this removal." *Speedwell II*, Notice of Removal ¶ 8, ECF No. 1.

On November 5, 2021, Plaintiffs filed the instant Motion to Remand, arguing that removal was improper because the Defendants were not unanimous in their removal. *Speedwell II*, ECF No. 14–1 at 1. On that same day, the Developer Defendants and Defendant Inglesino filed notices affirming that they had consented to the removal prior to the Morristown Defendants' filing of the notice of removal. *Speedwell II*, ECF Nos. 15-16. The Developer Defendants and Defendant Inglesino attached email correspondence amongst all Defendants from late September 2021 as proof of their prior consent. *Id.* On November 22, 2021, all Defendants opposed Plaintiffs' Motion to Remand and filed a Cross-Motion to Amend the Notice of Removal. *Speedwell II*, ECF Nos. 20-22. Plaintiffs filed their reply in further support of the Motion to Remand on November 29, 2021. *Speedwell II*, ECF No. 23.

### III.   ANALYSIS

#### A. Removal and Remand

It is axiomatic that when this Court has original jurisdiction over a case because it "arises under" federal law, defendants may remove the case from state to federal court. *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 413 (3d Cir. 2021) ("To remove a case under federal-question jurisdiction, a defendant must show that the case 'arises under' federal law.") (quoting 28 U.S.C. § 1331). One procedural requirement that defendants must follow when removing a case is explained under 28 U.S.C. § 1446, which requires "all defendants who have been properly joined and served [to] **join in or consent to** the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). That requirement is commonly referred to as the "rule of unanimity." The rule of unanimity originally existed as a creature of caselaw until the enactment of The Federal Courts Jurisdiction and Venue Clarification Act of 2011 which formally codified the rule within § 1446(b)(2)(A). *See Pelle v. Dial Indus. Sales*, 18-cv-12824, 2019 WL 1513220, at *2 n.5 (D.N.J. Apr. 8, 2019). Despite this codification, Congress was silent as to the timing and form of consent required. *See Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015). In other words, Congress was silent on when and how defendants must communicate their consent to removal and, as is the case here, whether the rule of unanimity is satisfied when one defendant represents in the notice of removal that all co-defendants consent.

That silence has created a split within this District and among various circuit courts. The Fourth, Sixth, Eighth, and Ninth Circuits have held that parties satisfy the rule of unanimity when one defendant's timely removal notice unambiguously states that all defendants consent. *See Mayo v. Bd. of Educ. of Prince George's Cty.*, 713 F.3d 735, 742 (4th Cir. 2013) ("Accordingly, we conclude that a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal."); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004) (holding that the removing defendants' representation in the notice of removal that all defendants concurred in the removal was sufficient for purposes of the rule of unanimity); *Griffioen*, 785 F.3d at 1188 (8th Cir. 2015) (holding that "a defendant's timely removal notice indicating consent on behalf of a codefendant, signed and certified pursuant to Rule 11 and followed by the filing of a notice of consent from the codefendant itself, sufficiently establishes that codefendant's consent to removal"); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.").

Other circuit courts, however, have required all defendants to independently verify their consent by formal notice to the court. *See, e.g., Getty Oil Corp. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (noting that there "must be some timely filed written indication from each served defendant . . .

6

that it has actually consented to such action"); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (noting that "[a] petition for removal fails unless all defendants join it," and finding that the notice of removal was deficient where it stated that "[a]ll other defendants who have been served with summons in this action have stated that they do not object to the removal of this action to federal court"), *abrogated on other grounds by Murphy Bros v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

A similar split has emerged in this District as courts have grappled with the question of how strictly to apply the rule of unanimity. As the Honorable Noel L. Hillman, U.S.D.J., has recognized, courts in this District differ concerning "what timeline, and in what form" a defendant must provide their consent. *Canon Fin. Servs., Inc. v. Kalmus*, 19-cv-20919, 2020 WL 4333744, at *2 (D.N.J. July 28, 2020). Traditionally, our courts have held that the rule of unanimity requires defendants to join in the removal or file "some form of unambiguous *written* evidence of consent to the court" within the thirty-day period for removal. *Michaels v. New Jersey*, 955 F. Supp. 315, 320 (D.N.J. 1996) ("[I]t is not enough . . . for a removing defendant to represent such consent to the court on behalf of the other defendants. Rather, most courts require all defendants to voice their consent *directly to the court*."); *Ward v. New Jersey*, 18-cv-3991, 2018 WL 4223239, at *2 (D.N.J. Aug. 15, 2018) ("In this District, a removing defendant may not certify consent to the Court on behalf of all defendants; rather, each properly served defendant must communicate consent to removal directly to the Court in writing."); *Pelle*, 2019 WL 1513220, at *2.

7

Recently, however, at least two courts in this District have rejected a strict application of the rule of unanimity and denied motions to remand where: (i) the removing defendants represented to the court via their notice of removal that all defendants consented to removal; and (ii) defendants notified the court of their consent to removal *after* the conclusion of the thirty-day removal period. *See Michalak v. ServPro Indus., Inc.*, 18-cv-1727, 2018 WL 3122327, at *5 (D.N.J. June 26, 2018) (noting that defendants' tardiness in communicating their consent to removal to the court did not require remand); *Canon*, 2020 WL 4333744, at *3 (same). As the *Michalak* and *Canon* courts observed, the Third Circuit in *Siebert v. Norwest Bank*, 166 F. App'x 603, 607 n.2 (3d Cir. 2006), noted a lack of clarity on the question of when written consent must be provided, but declined to resolve the issue. *See Michalak*, 2018 WL 3122327, at *4; *Canon*, 2020 WL 4333744, at *2. Notably, the Third Circuit has not yet addressed the form a co-defendant's consent must take.

This intra-district and circuit split is prominently displayed in this case. Here, Plaintiffs raise a purely procedural challenge to the removal of this action from the Superior Court of New Jersey. Plaintiffs contend that removal is procedurally defective such that remand is required because the Developer Defendants and Defendant Inglesino did not file their own notices of removal or otherwise independently notify the Court of their consent within the thirty-day period for removal prescribed by 28 U.S.C. § 1446(b)(2)(B). *Speedwell II*, ECF No. 14–1 at 9-11. Further, Plaintiffs argue that the Morristown Defendants' statement in the notice of

8

removal that "[a]ll defendants consent to the removal" is insufficient to satisfy 28 U.S.C. § 1446(b)(2)(A). *Id.* at 11-14.

All Defendants reject Plaintiffs' arguments and advance three arguments of their own. First, Defendants urge the Court to hold that the Morristown Defendants' representation that all Defendants consented to the removal is sufficient to satisfy the requirements of 28 U.S.C. § 1446(b)(2)(A). *Speedwell II*, ECF No. 20 at 12-13; ECF No. 21–1 at 5-6; ECF No. 22 at 18-19. Second, Defendants argue in the alternative that the notices confirming consent to removal filed by Defendant Inglesino and the Developer Defendants (*Speedwell II*, ECF Nos. 15-16) did not need to be filed within the thirty-day removal period provided in 28 U.S.C. § 1446(b)(1) and that, in any event, these filings were sufficient to cure any procedural defect in the removal. *Speedwell II*, ECF No. 20 at 14; ECF No. 21–1 at 8; ECF No. 22 at 19. Finally, all Defendants cross-move to amend their notice of removal to cure any procedural deficiencies, arguing that extraordinary circumstances exist here to allow for that remedy. *Speedwell II*, ECF No. 20 at 15-16; ECF No. 21–1 at 9-10; ECF No. 22 at 20-21.

This Court will not weigh in on the debate or the intra-district and circuit splits that underlie the parties' arguments because there is no need to decide whether this matter should be remanded. Instead, for reasons explained below, this Court will grant the Defendants' Cross-Motion to Amend the Notice of Removal to cure any deficiency and will deny the Motion to Remand as moot.[4]

---

[4] Because this decision "does not turn on the merits of the arguments Plaintiff submits in support of remand," it is not dispositive and, as such, the Court's decision is issued as an Opinion and Order

9

## B. Amending the Notice of Removal

"[T]his Court has discretion to allow Defendants to amend the removal petition to cure the procedural deficiencies discussed above if allowing such an amendment was in the interests of justice or judicial economy." *Brown v. Sarubbi*, 06-cv-1634, 2006 WL 2014227, at *3 (D.N.J. July 18, 2006). In *Michaels*, 955 F. Supp. at 321, the Court held that the notice of removal at issue was defective because the non-removing defendants failed to join in or consent to the removal petition. The court, in addressing a request to amend the notice of removal, stated that it would not permit such an amendment after the thirty-day removal period expired "barring extraordinary circumstances." *Id.* at 322. Nevertheless, the court in *Michaels* found that extraordinary circumstances existed to grant leave to cure the non-removing defendants' failure to sign the notice of removal, noting that "[t]here [wa]s no published opinion by any court in this district that addresses the issue of whether a formal writing is necessary to satisfy removing defendants' joinder obligations under 28 U.S.C.§ 1446 and the caselaw elsewhere—and the statute itself—do not provide unambiguous guidance." *Michaels*, 955 F. Supp. at 322.

Here, the Court does not weigh in on whether the notice of removal was defective, but even if it were, the Court exercises its discretion to permit Defendants

---

rather than a Report and Recommendation. *Rhinehart v. CSX Transp., Inc.*, No. 10-cv-0086A, 2010 WL 2388859, at *7 (W.D.N.Y. June 9, 2010) (granting defendants' motion to amend the notice of removal and denying the motion to remand as moot through a Decision and Order); *see also Macon v. Family Dollar Stores of MO, LLC*, No. 16-cv-00689, 2016 WL 4191770, at * 1-2 (E.D. Mo. Aug. 9, 2016) (granting defendant's motion for leave to amend the notice of removal and denying plaintiff's motion to remand as moot via Memorandum and Order). Should the District Judge disagree with this approach, then this Opinion and Order should be treated as a Report and Recommendation under 28 U.S.C. § 636(b)(1)(A). *See* Rhinehart, 2010 WL 2388859, at *7 n.7.

to amend the notice of removal for three reasons. First, extraordinary circumstances exist here because this Court already has invested substantial time in adjudicating and presiding over this matter. *See Wal-Mart Stores, Inc. v. Electric Ins. Co.*, 06-cv-3132, 2007 WL 137238, at *4 (D.N.J. Jan. 18, 2007) (granting the request to amend the notice of removal and noting the court's significant interest in the matter where, among other things, the magistrate judge presided over several conferences). Plaintiffs initiated the original action, *Speedwell I*, in this District on November 4, 2019, where the action remained pending for nearly two years. During that time, Defendants moved to dismiss the action twice. *Speedwell I*, ECF Nos. 15, 17, 32-33, 36. On June 18, 2020, while the second motion to dismiss was pending, the Court held an initial pretrial conference. *See Speedwell I*, ECF No. 39. Thereafter, discovery commenced and continued for sixteen months until Plaintiffs filed a notice of voluntary dismissal. *Speedwell I*, ECF No. 66. In total, the Court held five separate conferences to ensure that the parties were proceeding with discovery. *Speedwell I*, ECF Nos. 54-55, 59, 62, 65. As Defendants have averred, the parties began discussing the production of electronically stored information and exchanged written discovery including interrogatories, requests for production, and requests for admissions. *Speedwell II*, ECF No. 20 at 5; ECF No. 21–1 at 4; ECF No. 22 at 4.

Second, the Developer Defendants and Defendant Inglesino's intent to remove this action to this Court was clear. In late September 2021—prior to the notice of removal being filed—counsel for all Defendants exchanged emails consenting to removal. *See Speedwell II*, ECF Nos. 15-16. Moreover, immediately upon Plaintiffs'

11

filing of the Motion to Remand, the Developer Defendants and Defendant Inglesino wrote to the Court and confirmed their consent to the removal. *Id.*

Finally, as noted above, there exists ambiguity regarding the rule of unanimity because of the intra-district and circuit splits. Although the majority of courts in the Third Circuit have required co-defendants to individually voice their consent directly to the court, others have recently adopted a different interpretation of 28 U.S.C. § 1446(b)(2)(A)'s requirements. *Compare Michaels*, 955 F. Supp. at 320 ("[M]ost courts require all defendants to voice their consent *directly to the court.*"), *and Ward*, 2018 WL 4223239, at *2 ("[E]ach properly served defendant must communicate consent to removal directly to the Court in writing."), *with Michalak*, 2018 WL 3122327, at *5 (holding that a timely removal notice followed by the filing of a notice of consent from a co-defendant is sufficient to establish the co-defendant's consent to removal), *Canon*, 2020 WL 4333744, at *3 (denying plaintiff's motion to remand where co-defendants filed notices confirming their prior consent to removal "just days" after the motion to remand was filed), *and McCreesh v. City of Philadelphia*, 20-cv-3002, 2020 WL 5017609, at *2 (E.D. Pa. Aug. 25, 2020) ("The court is persuaded that a single defendant may attest to the consent of all other defendants in its removal petition."). This Court does not believe that Defendants should be penalized because of the lack of clarity surrounding the rule of unanimity.

Under the totality of the circumstances—the Court's considerable investment in this matter, the Defendants' unanimous intent to have this matter removed to this Court, and the conflicting guidance from this District regarding how a co-defendant

12

must join in or consent to removal consistent with 28 U.S.C. § 1446—the Court finds that the interests of justice and judicial economy call for allowing the Defendants to amend the notice of removal. *See Wal-Mart*, 2007 WL 137238, at *4 (holding that the court had a "significant investment" in the case because, among other things, the Court had already presided over several conferences in the matter). Accordingly, the Court grants the Defendants' Cross-Motion to Amend the Notice of Removal.

## IV.   CONCLUSION

For the reasons set forth above, the Court grants the Defendants' Cross-Motion to Amend the Notice of Removal and denies Plaintiffs' Motion to Remand as moot. Within 14 days of entry of this Opinion and the accompanying Order, Defendant Inglesino and the Developer Defendants shall file an appendix to the Notice of Removal at *Speedwell II*, ECF No. 1 containing the signatures of counsel for all Defendants indicating that all Defendants consented to the removal.

**Hon. José R. Almonte**
**United States Magistrate Judge**

Dated: June 21, 2022